# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3093 | **DATE** | 5/10/2004 |
| **CASE TITLE** | Omar Zamora vs. Blair Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby denies the petitioner's petition for writ of habeas corpus. All pending dates and motions are hereby terminated as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

MW6 — courtroom deputy's initials

MAY 1 1 2004 — date docketed

Document Number: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 1 2004

UNITED STATES OF AMERICA, ex rel. )
OMAR ZAMORA, )
)
        Petitioner, )
)
v. ) No. 02 C 3093
)
BLAIR LEIBACH, Warden, )
)
        Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Omar Zamora's ("Zamora") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. For the following reasons, this court denies the petition.

## BACKGROUND

Following a bench trial in the Cook County, Illinois, Circuit Court, Zamora was convicted of possession of a controlled substance with intent to deliver. On March 6, 1997, the court sentenced Zamora to twelve years in the Illinois Department of Corrections. Zamora appealed the decision to the Illinois Appellate Court, First District. During this appeal, Zamora's counsel, the Public Defender of

1



Cook County, filed a motion to withdraw as counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967). In June, 1998, the Illinois Appellate Court, in a single order, granted the motion to withdraw and affirmed Zamora's sentence and conviction. Zamora then filed a petition for leave to appeal to the Illinois Supreme Court which was denied on October 6, 1998.

Pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, Zamora next sought relief in the Cook County Circuit Court. The petition was denied as "frivolous and patently without merit" because it was barred by the doctrines of *res judicata* and waiver. Further appeal to the Illinois Appellate Court resulted in affirmation of the dismissal on September 21, 2000. Zamora filed a petition for leave to appeal with the Illinois Supreme Court on March 28, 2001. The court denied this petition on June 6, 2001.

On April 26, 2002, Zamora filed his petition for writ of *habeas corpus* with this court. In his petition Zamora claims that: 1) he was denied effective assistance of counsel at the trial court level, 2) he was denied due process, equal protection and the right to be free from illegal search and seizure based on an allegedly improper search warrant, 3) he was denied due process, equal protection and the right to be free from illegal search and seizure because of two letters improperly admitted into evidence at trial, 4) he was denied due process and equal protection because the police officers committed perjury at trial, 5) he was denied due process, equal protection and the right to effective assistance of counsel at the state appellate level

2

when the court granted his counsel's motion to withdraw, and 6) he was denied equal protection and due process when the Cook County Circuit Court denied his post-conviction petition as frivolous and patently without merit.

## LEGAL STANDARD

A district court may entertain a habeas corpus petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Pursuant to 28 U.S.C. §2254 a habeas corpus petition shall not be granted:

> on behalf of a person in custody pursuant to the judgment of a State Court . . . unless the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §2254(d).

## DISCUSSION

### I. Procedural Default

A federal court will not address a question of federal law presented in a habeas corpus petition brought to contest a state court ruling if "the state decision rests on a state procedural ground that is independent of the federal question and

adequate to support the judgment." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003). In order to avoid a procedural default on a claim presented in a habeas corpus petition the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Zamora alleges in his third basis for relief that letters were improperly admitted into evidence at trial. However, he did not assert on direct appeal in the state courts that the admittance of the letters violated his fourth amendment rights. Therefore, to the extent that Zamora asserts his Fourth Amendment rights were violated in his third basis for relief his argument is procedurally defaulted.

A federal court can review defaulted claims if the petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice. . . .'" *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). Zamora has not provided a reason why the procedurally defaulted claim was not brought at the appropriate juncture. Nor has he shown that there would be a miscarriage of justice if we did not consider the claim.

4

## II. Whether Zamora's Trial Counsel was Ineffective

Zamora presents six allegations regarding the decisions and conduct of his trial court counsel that Zamora alleges warrant a finding that his trial counsel was ineffective, resulting in a violation of his rights to due process and equal protection. In order to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A reviewing court considering an ineffective assistance of counsel claim should be "highly deferential" to the attorney's judgment and should avoid the temptation to "second-guess" the attorney. *Id* at 689. The reviewing court should try to "evaluate the conduct from counsel's perspective at the time" in question and thus avoid the "distorting effects of hindsight." *Id.* A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." and thus should avoid questioning decisions that involve issues such as trial strategy. *Id.* Counsel can make a "reasonable decision that particular investigations are unnecessary . . . and need not investigate every evidentiary possibility before choosing a defense." *Rutledge v. United States*, 230 F.3d 1041, 1050 (7th Cir. 2000)(citations omitted).

In order to succeed on an ineffectiveness of assistance of counsel claim, in addition to showing that the representation was defective, a petitioner must also show that he was prejudiced because the "error had [an] effect on the judgment."

5

*Strickland*, 466 U.S. at 691-92. Each and every adverse consequence resulting from counsel's decisions is not deemed to be prejudicial "for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993).

Zamora claims that his trial counsel's representation was ineffective because of: 1) the failure of trial counsel to call witnesses to testify that Zamora did not live at the searched residence, 2) advising Zamora not to testify on his own behalf, 3) failing to file a motion to quash a search warrant, 4) the decision to not present an opening statement to the bench, 5) advising Zamora to waive his right to a jury trial, and 6) failing to present mitigating evidence before the sentencing phase.

Zamora claims that his trial counsel should have called witnesses to testify that Zamora did not live at the searched residence. However, if he asserted that the apartment was not his apartment he would have lacked standing to object to the search of the apartment. Also, the drugs were not found in the apartment. Rather the drugs were found in a bag that Zamora had discarded outside the apartment. Zamora has not shown that the decision not to have him testify was anything other than sound legal advice and a reasonable trial strategy. In regards to the failure to file a motion to quash the warrant, the warrant did not call for a search of Zamora's residence. Rather it called for a search of the apartment at the specified address. Also, as stated above, the drugs were not found in the apartment. Zamora's trial counsel's decisions not to present an opening statement to the bench and to advise Zamora not to seek a jury trial were decisions within reasonable professional

discretion. Finally, Zamora's assertion that his trial counsel failed to present mitigating evidence at the sentencing phase is unsupported and without merit.

### III. Whether the Search Warrant was Improperly Issued

Zamora claims that he was denied due process, equal protection, and the right to be free from illegal search and seizure because of the improper search warrant. However, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Cabrera v. Hinsley*, 324 F.3d 527, 530 (7th Cir. 2003). A prisoner is provided a full and fair opportunity to litigate a Fourth Amendment claim in state court if: "(1) he has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his fourth amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts." *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002). The state court must have "looked to the appropriate body of decisional law," but "this must not be confused with a search for error." *Id.* A plaintiff is only denied a full and fair opportunity to be heard when there is an "egregious error . . ." because "the state judges have closed their ears and minds to argument. . . ." *Id.* at 564(quoting *Turentine v. Miller*, 80 F.3d 222, 225-26 (7th Cir. 1996)). *See also*

7

*Hampton v. Leibach*, 347 F.3d 219, 244 (7th Cir. 2003)(stating that "a habeas petitioner is entitled to an evidentiary hearing . . . if he has alleged facts that would entitle him to relief and the state courts, *for reasons not attributable to him*, denied him a full and fair hearing to explore those facts.")(emphasis added).

In the instant case Zamora had an opportunity to present his claim to the state appellate court, but he did not present a sufficient record to enable the appellate court to address his claim. Zamora argues that we should consider his claim because his appellate counsel was ineffective, but Zamora has not shown that to be true. Therefore, the Fourth Amendment claim involving the impropriety of the search warrant is barred.

## IV. Admission of Letters into Evidence

Zamora claims that the trial judge abused his discretion when he admitted into evidence two letters addressed to Zamora at the apartment which was the subject of the search warrant. was admissible. Unless a petition shows that " the admission of the evidence violated a specific constitutional guarantee, a federal court can issue a writ of habeas corpus on the basis of a state court evidentiary ruling only when that ruling violated the defendant's right to due process by denying him a fundamentally fair trial." *Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994). Furthermore, because a state evidentiary ruling is a matter of state law, only in rare circumstances will it ever be used as a basis to grant a habeas petition. *Haas v. Abrahamson*, 910

F.2d 384, 389 (7th Cir. 1990). Zamora has not shown that the trial judge violated a specific constitutional right by admitting the letters and has not shown that he was denied a fundamentally fair trial. The Illinois Appellate Court ruled that the determination of whether to admit evidence was within the discretion of the trial judge and Zamora has not shown that the decision is inconsistent with the law set forth by the United States Supreme Court. We note that the evidence did appear to be relevant in that it is evidence of Zamora's connection to the apartment where a scale, money, and weapon were found and near the location where the drugs were found.

## V. Police Testimony

Zamora argues that he was convicted based on perjured testimony by police officers. The officers testified that they could not remember whether two teenagers were taken to the apartment on the night that Zamora was arrested. Zamora's wife testified that the officers did so. In order to obtain habeas relief based on perjured testimony used by the prosecutor at trial a petitioner must show: "(1) that the prosecution indeed presented perjured testimony, (2) that the prosecution knew or should have known of the perjury, and (3) that there is some likelihood that the false testimony impacted the jury's verdict." *Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002).

In this case Zamora has only shown that there is a possibility that there was an

9

inconsistency in the officers' testimony. Zamora has not shown that the testimony was in fact inconsistent and he has not shown that the officers committed perjury. Even if he could show that the officers committed perjury, Zamora has not shown that the prosecutor knew of the perjury or that the alleged perjury would have altered the jury's verdict. *See also McFowler v. Jaimet*, 349 F.3d 436, 454 (7th Cir. 2003)(stating that "[i]nconsistencies in . . . witness['] testimony are not unusual . . ., and normally . . . are left for the fact finder to assess."). In the instant case the trial judge heard the testimony of the officers and it was within his discretion to determine how credible the testimony was and to consider any inconsistencies in the testimony. *See Murrell v. Frank*, 332 F.3d 1102, 1120 (7th Cir. 2003)(indicating that in the habeas corpus context a trial judge's factual finding of credibility is entitled to deference).

## VI. Appellate Counsel's Motion to Withdraw

Zamora argues that he was denied his constitutional rights when his appellate counsel was allowed to withdraw. Zamora's appellate counsel filed a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). Zamora's counsel indicated in his memorandum in support of his motion to withdraw Zamora's possible arguments on appeal and explained why they were without merit. Respondents argue that his appellate counsel followed the procedure for withdrawal detailed in *Anders* and Zamora has not indicated otherwise. Nor has Zamora shown

10

that his appeal was not in fact frivolous and without merit. He simply argues that *Anders* is not good law and that as a *pro se* litigant he should be allowed to present his claim to this court. The Appellate Court granted the motion to withdraw and allowed Zamora to file a *pro se* pleading. Although Zamora has a general right to counsel on his direct appeal, *Evitts v. Lucey*, 469 U.S. 387, 397 (1985), the Appellate Court's ruling was in accordance with *Anders v. California* and Zamora has not shown that the withdrawal of his appellate counsel violated his constitutional rights.

## VII. Post-Conviction Petition

Zamora also asserts as his sixth basis for habeas relief that his constitutional rights were violated when the state court denied his post-conviction petition as frivolous and patently without merit. He presented three arguments in his post-conviction petition. He argued that: 1) his trial counsel was ineffective because he did not allow Zamora to testify, 2) his trial counsel was ineffective because he should have done more investigation and presented evidence concerning the fact that Zamora did not live at the apartment in question, and 3) his trial counsel was ineffective because his trial counsel failed to file a motion to quash the search warrant. In regards to the claim that his trial counsel did not allow him to testify, Zamora presented the argument on direct appeal and failed to make the argument in his petition for leave to appeal to the Illinois Supreme Court. Zamora also presented the other two arguments listed in his post-conviction petition on direct appeal. Thus,

the state court addressing his post-conviction petition properly concluded that the claims were barred by the doctrines of *res judicata* and waiver. *See People v. Stewart*, 528 N.E.2d 631, 633 (Ill. 1988)(stating that "[t]he scope of post-conviction review is limited by the doctrines of *res judicata* and waiver . . .[and] [i]n essence, post-conviction proceedings are limited to issues which have not been, and could not have been, previously adjudicated. . .[or] [p]ut another way, all issues actually decided on direct appeal are *res judicata,* and all those which could have been presented but were not are deemed waived.").

## CONCLUSION

Based on the foregoing analysis, we deny the petition for writ of habeas corpus.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 10, 2004