Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3093 | **DATE** | 6/30/2004 |
| **CASE TITLE** | Zamora vs. Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion, the petitioner's application for certificate of appealability [23-1] is denied. Enter Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUN 3 0 2004 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| MW | courtroom deputy's initials | 2004 JUN 30 PM 3:17 date mailed notice |
| | | Date/time received in central Clerk's Office — mailing deputy initials |

Document Number: 24

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel. )
OMAR ZAMORA, )
)
        Petitioner, )
)
v. ) No. 02 C 3093
)
BLAIR LEIBACH, Warden, )
)
        Respondent. )

DOCKETED
JUN 3 0 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Omar Zamora's ("Zamora") application for certificate of appealability. For the reasons stated below deny the application.

## BACKGROUND

Following a bench trial in Illinois state court Zamora was convicted of possession of a controlled substance with intent to deliver and was sentenced to twelve years in prison. The state appellate court affirmed the conviction and the Illinois Supreme Court denied Zamora leave to appeal further. Zamora filed a post-conviction petition which was denied. The ruling was affirmed and the Illinois

1



Supreme Court denied Zamora leave to appeal further. Zamora then filed a petition for writ of *habeas corpus* in this court. On May 10, 2004, we denied Zamora's petition for writ of *habeas corpus*. Zamora has now filed an application for certificate of appealability.

## LEGAL STADARD

If a court denies a petition for writ of *habeas* and the petitioner wishes to appeal, challenging the decisions made by the state trial courts, the petitioner must seek a certificate of appealability from the district court. 28 U.S.C. § 2253(c); *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

Zamora has failed to make a substantial showing of the denial of a constitutional right. His argument concerning the admission of the letters at trial

2

were not properly presented to the state courts during the criminal proceedings and thus his argument is procedurally defaulted. *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999); *Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994). Zamora has not shown that his trial counsel's representation was ineffective in any way. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In regards to Zamora's argument regarding the appropriateness of the search warrant, Zamora failed to properly present the matter to the state appellate court for review. Zamora also argued that the police testifying against him committed perjury. However, there is no indication that the police committed perjury or that even if they did so that the prosecutor knew of the alleged perjury or that the perjury affected the outcome of the trial. Zamora's direct appeal was completely without merit and his appellate counsel appropriately withdrew. *Anders v. California*, 386 U.S. 738, 744 (1967). There is no indication that the state courts acted inappropriately in regards to Zamora's post-conviction petition. For these reasons and for all of the reasons detailed in our prior ruing in this action, we find that Zamora has not even approached his burden of substantial showing of the denial of a constitutional right. A reasonable jurist could only conclude after reviewing the record that, in regards to Zamora's federal constitutional rights, Zamora was treated justly, that his constitutional rights were not violated, and that there is no reason for these proceedings to proceed any further.

We note that Zamora also makes a few arguments in his application

concerning this court's prior ruling such as that we misconstrued facts and that we erred when we determined that an evidentiary hearing was not warranted. However, those arguments to not seek to challenge the rulings of the state proceedings and are thus inappropriate for consideration in an application for a certificate of appealability. Regardless, we have reviewed our prior ruling in these regards and find them to be proper and just.

## CONCLUSION

Based on the foregoing analysis, we deny the application for certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 30, 2004